

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**
ATTORNEY GENERAL

Mrs. Peyton Burke
County Auditor
Falls County
Marlin, Texas

Dear Mrs. Burke:

Opinion No. 0-6831

Re: Order of payment of
registered scrip war-
rants issued against
various precinct funds,
when the county road
and bridge fund has
been allocated to the
various precincts on a
percentage basis.

We are in receipt of your letter of recent date re-
questing the opinion of this department on the above stated
matter. We quote from your letter as follows:

"By order of the Commissioners Court of Falls
County the income from taxes for the Road and Bridge
Fund is divided on a percentage basis and the re-
ceipts so listed in the ledger. The budget of
expenditures is set up on the basis of income for
that particular precinct and expenditures are listed
in the ledger separately for each precinct. At the
present time, Precinct #1 has scrip warrants out-
standing totaling $500.00; Precinct #2 has $24,000.00
against its fund; Precinct #3 and Precinct #4 have
issued $60,000.00 and $42,000.00, respectively. The
warrants of each precinct are paid according to num-
ber as money is available in the fund of that par-
ticular precinct. This means that the scrip war-
rants outstanding of Precinct #1 will be paid ahead
of those of the other precincts issued on the same
date. Scrip warrants of Precinct #2 will be paid
before those of Precinct #4 and those drawn against
Precinct #4 will be paid before those drawn against
Precinct #3.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Mrs. Peyton Burke,  page 2

"The question on which I would like an opinion
is this:  Is it legal for a county to pay the scrip
warrants outstanding of one precinct ahead of the
scrip warrants outstanding of another precinct in
the case of Falls County; i.e., when the Road and
Bridge income is allocated to the four precincts on
a percentage basis?"

Article 1625, Revised Civil Statutes, 1925, provides:

"Each county treasurer shall keep a well-bound
book in which he shall register all claims against
his county in the order of presentation, and if more
than one is presented at the same time he shall
register them in the order of their date.  He shall
pay no such claim or any part thereof, nor shall the
same, or any part thereof, be received by any officer
in payment of any indebtedness to the county, until
it has been duly registered in accordance with the
provisions of this title.  All claims in each class
shall be paid in the order in which they are regis-
tered."

Art. 1626, R. C. S., provides:

"Claims against a county shall be registered in
three classes, as follows:

"1.  All jury scrip and scrip issued for feeding
jurors.
"2.  All scrip issued under the provisions of
the road law or for work done on roads and bridges.
"3.  All the general indebtedness of the county,
including feeding and guarding prisoners, and paupers'
claims."

Art. 1627, R. C. S., provides:

"Said treasurer shall enter each claim in the
register, stating the class to which it belongs, the
name of the payee, the amount, the date of the claim,
the date of registration, the number of such claim,
by what authority issued, and for what service the
same was issued, and shall write on the face of the
claim its registration number, the word 'registered,'
the date of such registration, and shall sign his
name officially thereto."

Art. 6740, R. C. S., provides:

"The commissioners court shall see that the road
and bridge fund of their county is judiciously and
equitably expended on the roads and bridges of their
county, and, as nearly as the condition and necessity
of the roads will permit, it shall be expended in each
county commissioners precinct in proportion to the
amount collected in such precinct. Money used in
building permanent roads shall first be used only on
first or second-class roads, and on those which shall
have the right of way furnished free of cost to make
as straight a road as is practicable and having the
greatest bonus offered by the citizens of money,
labor or other property."

Article 6675a-10, Vernon's Annotated Civil Statutes, in
part, provides:

". . . None of the monies (motor vehicle regis-
tration fees) so placed to the credit of the Road and
Bridge Fund of a county shall be used to pay the salary
or compensation of any County Judge or County Commis-
sioner, but all said monies shall be used for the
construction and maintenance of lateral roads in such
county under the supervision of the County Engineer,
if there be one, and if there is no such engineer, then
the County Commissioners' Court shall have authority to
command the services of the Division Engineer of the
State Highway Department for the purpose of supervising
the construction and surveying of lateral roads in
their respective counties. All funds allocated to the
counties by the provisions of this Act (Arts. 6675a-1
to 6675a-14; P.C. Art. 807a) may be used by the
counties in the payment of obligations, if any, issued
and incurred in the construction or the improvement
of all roads, including State Highways o. such counties
and districts therein; or the improvement of the roads
comprising the County Road system." (Parenthetical
matter ours)

The commissioners' court is authorized to allocate the
road and bridge fund among the various commissioners' precincts,
subject to the provisions of Article 6740 and 6675a-10, supra,
(Shivers v. Stovall, 75 S. W. (2d) 276; affirmed 129 T. 256,
103 S. W. (2d) 363), and we presume that the allocations and

Mrs. Peyton Burke,   page 4

expenditures of the road and bridge fund, mentioned in your
letter, were made from time to time in compliance with the
provisions of said articles.  We understand from your inquiry
that, on the basis of the aforementioned allocation of the
road and bridge fund on said percentage basis to the various
precincts, the commissioners' court authorized the issuance of
scrip warrants for claims incurred against the respective pre-
cinct funds.  We understand further that the scrip warrants
issued against each precinct fund were registered in numerical
order, and, as funds become available in a particular precinct
fund, under the above mentioned allocation, the scrip warrants
against that particular precinct fund are paid in the order of
their registration.

     With reference to the matter of the proper order in which
warrants drawn against county funds are to be paid, in the case
of Wilkinson v. Franklin County, 94 S. W. (2d) 1190, the Court
said:

          ". . .Article 1625, R. S., clearly denotes the
     order in which warrants drawn against the  county
     treasurer are to be paid, and amounts to an appro-
     priation of the funds in the county treasury to
     the payment of all warrants legally drawn against
     the several classes of funds in the order of their
     registration. . ."

     In Opinion No. O-4552, this department passed upon a
question involving the authority of a commissioners' court to
transfer funds of certain precincts to another precinct fund,
when there were registered scrip warrants outstanding against
the particular precinct funds from which said transfer was to
be made.  We quote from said opinion as follows:

          "The holders of the outstanding scrip against
     Precincts Nos. 1, 2 and 3 have vested interests in
     the funds of said precincts to the full extent of
     claims as evidenced by such scrip, and the Commis-
     sioners' Court of Limestone County has no authority
     to decree a preference, thereby impairing such
     vested rights of creditors of Precincts Nos. 1, 2
     and 3 by paying out the funds of said precincts to
     Precinct No. 4."

135

Mrs. Peyton Burke,   page 5

In view of the foregoing and in view of the facts submitted, it is our opinion that the holder of a registered scrip warrant against a particular precinct has a vested interest in the funds legally allocated to that particular precinct to the full extent of claims as evidenced by such scrip warrant.  It is our further opinion that the vested rights of the creditors of a particular precinct may not be impaired, and that the registered scrip warrants against a particular precinct fund should be paid in the order of the registration of warrants issued against that particular precinct fund, even though warrants issued on a given date against one particular precinct fund may be paid before warrants drawn on the same date against a different precinct fund become eligible for payment.

We trust that the foregoing satisfactorily answers your inquiry.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By      J. A. Ellis
             Assistant

JAE:LJ



APPROVEDAPPROVED
OPINION
COMMITTEE
BY B.W.B.
CHAIRMAN

